IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 27, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LIAM P. HALL,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-465**          (JCN: 2022017363)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION


Petitioner Liam P. Hall appeals the September 21, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") timely filed a response.[1] Mr. Hall did not file a reply. The issue on appeal is whether the Board erred in affirming two claim administrator's orders that denied authorization for twenty-one sessions of physical therapy and denied a request to reopen Mr. Hall's claim for temporary total disability ("TTD") benefits.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 16, 2022, Mr. Hall injured his left shoulder while handling heavy equipment used to work on the longwall of a mine. Mr. Hall presented to the emergency room on February 21, 2022, complaining of left shoulder pain and intermittent numbness and tingling down his left arm. Mr. Hall completed an Employees' and Physicians' Report of Occupational Injury, which did not include a diagnosis but described the injury as left shoulder pain with left upper extremity numbness and tingling.

---

[1] Mr. Hall is represented by Patrick K. Maroney, Esq. ACNR is represented by Aimee M. Stern, Esq.

[2] The Board's order also affirmed a third claim administrator order, which granted Mr. Hall a 1% permanent partial disability award. However, Mr. Hall specifically notes that he does not appeal the Board's affirmation of this third order.

1

Mr. Hall followed up with Clark Milton, D.O., on March 2, 2022. An x-ray was negative for any acute injury. Dr. Milton diagnosed left shoulder strain, positive labral signs with concern for tear, cannot exclude a plexopathy, and clinical evidence of compressive median neuropathy. He recommended an MRI and physical therapy. By order dated March 28, 2022, the claim administrator held the claim compensable for a strain of the left shoulder/upper arm and granted Mr. Hall TTD benefits.

On April 3, 2022, Mr. Hall underwent an MRI of his left shoulder. The impression was acromioclavicular arthritis with edema within the joint space, distal clavicle, and the acromion that could represent acute symptoms and motion degraded evaluation of the proximal bicep tendon. The report noted that, otherwise, the MRI was unremarkable.

Mr. Hall was treated by Dante Marra, M.D., on May 20, 2022. Dr. Marra assessed a left shoulder sprain, acromioclavicular degenerative joint disease, impingement syndrome, and probable cervical radiculopathy. Dr. Marra believed Mr. Hall's symptoms were related to his cervical spine and recommended an MRI of the cervical spine.

On July 14, 2022, Mr. Hall underwent an independent medical evaluation ("IME") performed by Prasadarao Mukkamala, M.D. Dr. Mukkamala tentatively placed Mr. Hall at maximum medical improvement, stating that he recommended an electromyography ("EMG") and nerve conduction study ("NCS") to rule out brachial plexopathy. Dr. Mukkamala stated that, even though he recommended these studies, he believed that Mr. Hall could return to work with no restrictions. Other than these studies, Dr. Mukkamala stated no other investigation or treatment was necessary. Dr. Mukkamala also opined that Dr. Marra's request for an MRI of the cervical spine was unnecessary.

By order dated July 15, 2022, the claim administrator suspended Mr. Hall's TTD benefits based on Dr. Mukkamala's report. The order noted that the claim would be closed in thirty days unless additional evidence was submitted. By a second order dated the same day, the claim administrator authorized an EMG and NCS. Mr. Hall's TTD benefits were closed by order dated August 23, 2022, as additional evidence had not been received.

Mr. Hall completed his last physical therapy appointment on August 25, 2022, having attended a total of forty-eight sessions. However, because he continued to report pain and weakness, Dr. Milton requested authorization for twenty-one additional physical therapy sessions. On August 26, 2022, Dr. Milton completed an Attending Physician's Report, indicating that Mr. Hall would be temporarily and totally disabled from August 26, 2022, through September 16, 2022. A Physician's Report of Work Ability signed by Dr. Milton on the same day indicated that Mr. Hall was totally disabled from June 22, 2022, through October 1, 2022. Mr. Hall returned to see Dr. Milton on September 30, 2022. Dr. Milton noted that, "[Mr. Hall] does not want to return to duty" because he felt that it was a risk both to himself and his coworkers. Dr. Milton attached an Attending Physician's Report, which indicated a period of disability from September 30, 2022, through November

2

16, 2022. On September 7, 2022, the claim administrator issued an order denying authorization of the additional physical therapy sessions citing Dr. Mukkamala's report dated July 14, 2022, as the basis for its decision. Mr. Hall protested this order to the Board.

Subsequently, on October 6, 2022, Mr. Hall, through his counsel's correspondence, petitioned to reopen his claim for additional TTD benefits, from September 30, 2022, through November 21, 2022. An application was subsequently completed by Mr. Hall. Dr. Milton completed the physician's section of the application and indicated that Mr. Hall was temporarily and totally disabled from March 2, 2022, to present. Dr. Milton noted that there was no aggravation or progression of Mr. Hall's compensable condition, but indicated an office note dated November 4, 2022, was a fact not previously considered. He also noted that the EMG/NCS was still pending.

On November 21, 2022, the claim administrator issued correspondence advising that a final decision on Mr. Hall's petition to reopen the claim for TTD benefits would be withheld pending additional medical evidence. Mr. Hall was treated by Ross Tennant, NP, on November 30, 2022. Nurse Tennant noted that Mr. Hall had been scheduled for an EMG, but that the study had been canceled due to Mr. Hall having a fever. According to Nurse Tennant, the EMG had been rescheduled for February of 2023. Nurse Tennant stated, "The patient states he [is] still unable to return to work at this time."

Mr. Hall testified via deposition on March 20, 2023. Mr. Hall testified that he had not yet undergone the EMG study, as the appointment scheduled for February of 2023 had been canceled by the doctor and rescheduled. Mr. Hall indicated that he had an upcoming appointment with Dr. Milton and that he hoped Dr. Milton would release him to return to work with no restrictions. He stated that he continued to have weakness and numbness in his upper arm/shoulder.

On March 22, 2023, Mr. Hall returned to see Dr. Milton and requested to be released to return to work. Dr. Milton noted that Mr. Hall had not yet undergone his EMG study, citing "compliance" issues, and stated that he found it "interesting that suddenly [Mr. Hall] is requesting to return to duty and has missed the EMGs." Nevertheless, Dr. Milton released Mr. Hall to return to work the following week.

By order dated April 11, 2023, the claim administrator issued an order denying Mr. Hall's request for a reopening of the claim for additional TTD benefits. The claim administrator noted that its decision regarding the reopening was originally withheld pending the results of an EMG, but that Mr. Hall had been noncompliant in obtaining the test. Further, the claim administrator noted that Mr. Hall was being released to return to work. Mr. Hall protested this order to the Board.

Mr. Hall eventually underwent the EMG/NCS on May 9, 2023, which revealed left median neuropathy at the wrist, left ulnar sensory neuropathy with moderate sensory loss

of the fifth finger, and a few chronic re-innervation units noted in C7 innervated muscles. On June 2, 2023, Dr. Mukkamala authored a supplemental report in which he opined that Mr. Hall had received adequate physical therapy and that there was no indication for further physical therapy as requested by Dr. Milton. Dr. Mukkamala further indicated that, although he had recommended Mr. Hall undergo the EMG study during his July of 2022 IME, he had also found that Mr. Hall could return to work without restrictions at that time.

By order dated September 21, 2023, the Board affirmed the claim administrator's orders denying additional physical therapy and denying the petition to reopen the claim for additional TTD benefits. Regarding the requested physical therapy, The Board found that West Virginia Code of State Rules § 85-20-40.5.b.1.C (2006) provides that the duration of care for a shoulder strain is one to six weeks. The Board noted that, here, Mr. Hall was over a year post-injury. Moreover, Dr. Mukkamala opined that there was no indication that additional physical therapy was necessary. Given that no exceptional facts had been provided in this case, the Board concluded that the request for an additional twenty-one sessions of physical therapy was properly denied.

Regarding the request to reopen the claim for TTD benefits, the Board found that Dr. Mukkamala had determined that Mr. Hall had reached MMI on July 14, 2022. The Board acknowledged that Dr. Milton had cited an office note that was allegedly a fact not previously considered, in which Dr. Milton had included left upper extremity plexopathy, left upper extremity weakness, and paresthesia among the diagnoses. The Board found that left upper extremity plexopathy was not an accepted diagnosis in the claim, and that Mr. Hall had not shown a progression or aggravation of his compensable shoulder strain to warrant reopening the claim for TTD benefits. Mr. Hall now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Hall argues that the Board erred in affirming the claim administrator's orders denying him additional physical therapy and denying his claim reopening the application. Mr. Hall contends that all the physicians, including Dr. Mukkamala, recommended that Mr. Hall have further testing performed. Dr. Milton requested further testing and expressed concern that Mr. Hall could have cervical radiculopathy or plexopathy. Further, Dr. Marra had requested a cervical MRI. According to Mr. Hall, these requests for additional testing, coupled with the ongoing symptoms in his arm and concerns for radiculopathy or plexopathy, are clearly sufficient to show facts not previously considered and which would entitle him to additional TTD benefits.

We disagree. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's orders denying physical therapy and denying the petition to reopen the claim for TTD benefits.

We find no error in the Board's conclusion that additional physical therapy was unnecessary. West Virginia Code § 23-4-3(a)(1) (2005) provides that the claim administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Here, the only compensable condition in the claim is a shoulder strain. Pursuant to West Virginia Code of State Rules § 85-20-40.5.b.1, physical therapy and duration of care for a shoulder strain should last from one to six weeks. Mr. Hall's treatment for his shoulder strain has exceeded these treatment guidelines, having received six months of treatment and approximately forty-eight physical therapy sessions. As noted by the Board, Mr. Hall has not shown any exceptional circumstances to warrant deviating from these treatment guidelines. Accordingly, we find no error in the Board's order in this regard.

We likewise find no error in the Board's decision to uphold the claim administrator's denial of the petition to reopen. In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition or facts not previously considered. *See* West Virginia Code § 23-5-2 (2005) and § 23-5-3a (2022). While Mr. Hall argues that the requests for additional diagnostic testing and his ongoing symptoms warranted reopening the claim, the Board noted that Dr. Mukkamala had placed Mr. Hall at MMI. Although Dr. Mukkamala indicated that an EMG/NCS was warranted, he nevertheless found that Mr. Hall could return to work with no restrictions. Moreover, although Mr. Hall claims that subsequent medical records from Dr. Milton and Nurse

Tennant indicated Mr. Hall could not return to work, we note that these treatment providers explicitly indicated that it was Mr. Hall who believed he could not return to work. Indeed, Dr. Milton noted that it was "interesting" that Mr. Hall suddenly wanted to be released to return to work after his "sickness and accident benefits" were ending and when an EMG study had not yet been performed. Moreover, once the EMG study was performed, it did not indicate the diagnosis Drs. Mukkamala and Milton had been concerned about. As such, we conclude that these records do not support Mr. Hall's assertions. In sum, Mr. Hall failed to demonstrate that his claim for TTD benefits should be reopened.

For the foregoing reasons, we affirm the Board's September 21, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

6